## G. ERNEST HEARN ET AL. *vs.* MARGARET D. PURNELL.

*Deeds—Delivery—Voluntary Conveyance—Invalidity of Unre-*
*corded Deed Against Creditors of Grantor—Purchase*
*from Devisee of Land Subject to Rights .*
*of Creditors of Testator.*

Delivery is essential to the validity of every deed; and delivery consists of some act putting it beyond the power of the grantor.

When after its execution a deed is kept under the control of the grantor, and does not come into the possession of the grantee until after the grantor's death, it is invalid for want of delivery.

If a deed is not recorded until after the time prescribed by law for registration, it does not affect the rights of existing creditors of the grantor or the rights of those who became such creditors after its date and before it was recorded.

A voluntary conveyance is voidable as against the existing creditors of the grantor.

A contract by a devisee of land to sell the same is not a bar to a bill by creditors of the testator for the sale of his real estate for the payment of debts.

*Decided March 23rd, 1909.*

Appeal from the Circuit Court for Worcester County (HENRY, C. J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER and BURKE, JJ.

*E. Stanley Toadvin,* for the appellants.

*George M. Upshur* and *William F. Johnson* (with whom was *Franklin Upshur* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a creditors' bill, filed in the Circuit Court for Worcester County, by the appellee, who sues on her own behalf, as well as for all other creditors of Isaac N. Hearn, late of that county, deceased who will come in and contribute to the expenses of the suit, against the appellants and other defendants, in the Court below, to procure a sale of the real estate of Isaac N. Hearn, deceased, for the purpose of paying creditors, the personal estate being insufficient to discharge the debts against his estate.

The bill avers, that Isaac N. Hearn departed this life, sometime in the month of March, 1905, seized and possessed of real and personal estate, situate in Worcester and Wicomico Counties of the State, and elsewhere, and was in his lifetime largely indebted to the plaintiff and other persons; that he departed this life leaving a last will and testament dated the 8th day of Sept., 1902, duly executed to pass real estate, which has been, in due form, admitted to probate by the Orphans' Court of Worcester County and letters testamentary thereon duly granted to Isaac N. Hearn, G. Ernest Hearn and Wm.

F. Johnson, the executors named therein. . That the executors have applied the personal estate to the discharge of the debts of the testator, but that it is insufficient for the payment of all his just debts.

The prayer of the bill in addition to that for general relief, is for the sale of so much of the real estate as may be necessary for the payment of the claims of the unsatisfied creditors of the deceased.

The real estate consists of several valuable tracts of land, and by the terms of the will, are devised to his widow, children and grandchildren as follows:

To his wife, Mary H. Hearn, he devises his dwelling house and lot in Snow Hill, in Worcester County, for and during the time of her natural life, besides bequeathing to her the sum of four hundred dollars, and from and after the death of his said wife, said testator devises said dwelling house to his daughter Mary E. Short, wife of Robert Short, absolutely.

To his son, Isaac Thomas Hearn, he devises certain lands in Pittsville Election District, in Wicomico County, for his lifetime, and at his death to the heirs of his body then living, per stirpes.

To his son, George Ernest Hearn, he devises the farm known as the "Dale Farm" and the farm known as the "Hutt Farm" both near the said town of Snow Hill, absolutely.

To his daughter, the said Mary E. Short, he further devises the house and lot known as the "Dixon Property" the tenant house and lot on Purnell street and the lot known as the "Sturgis Lot" on Purnell street, all situated in said town of Snow Hill. Provided said Mary E. Short shall pay the executors of said estate one thousand dollars as charge on said devise.

To his son, Isaac John Hearn, he devises a tract of land situate near Pittsville in said Wicomico County, absolutely.

To his daughter Cordelia J. White, wife of Eli N. White, in fee simple, all the land he bought of William C. Hearn, situate in Little Creek Hundred, in Sussex County, Delaware, containing three hundred acres more or less, and known

as the "Hearn Land." He also gave and devised to his daughter Cordelia J. White, a parcel of land bought of Robert Short, Sheriff, contiguous to the aforesaid tract, containing about eighteen acres; also a vacant lot of ground situate in Whiteville, Sussex County, Delaware, upon which he formerly resided, all of said parcels of real I give and devise to Cordelia J. White to her and her heirs, and assigns absolutely.

He gave and bequeathed to his grandchildren Isaac Raymond Parker and Helen Parker (wife of William Parker), the children of his deceased daughter Olivia E. Parker, each the sum of fifty dollars, they being further provided for in a certain policy of insurance upon his life.

All the rest and residue of his property, real, personal and mixed and wheresoever situate and being, he authorized, empowered and directed his executors to collect, sell and dispose of and convey the same if it be real estate, either at public, or private sale, including any and all that he may have at his death, and *after the payment of all his debts* and the legacies, hereby and hereinbefore given and the payment of all the charges and costs of administration sale, and funeral expenses and all other proper charges, he gave and bequeathed to his four children, Isaac T. Hearn, Geo. E. Hearn, Cordelia J. White and Mary E. Short, share and share alike.

The plaintiff below and the appellee here claims to be a creditor of the estate to the extent of one thousand dollars, on a writing obligatory, dated the 24th day of October, 1904, payable twelve months after date, with interest.

The defendants below are the widow, descendants, devisees and executors of Isaac N. Hearn.

The appellant, G. Ernest Hearn, is a son, and devisee of the testator, and the appellant, Elijah C. Shockley, is an alleged vendee, of G. Ernest Hearn, since the death of the testator, of the two farms, known as the Dale farm, and the Hutt farm, which were devised by the will of Isaac N. Hearn to G. Ernest Hearn, and was made a party defendant, subsequent to the filing of the bill of complaint.

It appears, that some of the defendants answered the bill, admitting the allegations of the bill, and consenting to the passage of such decree, as may be proper. Against others, a decree *pro confesso* was taken. The widow consents to the sale of the property free and discharged of her claims for dower, except as to her residence in Snow Hill, and agrees to take her share in the proceeds of sale.

The appellant, G. Ernest Hearn, while admitting in his answer the matters and things alleged in certain paragraphs of the bill, to be true, avers, that the real estate, called the "Dale Farm" and the "Hutt Farm," is not responsible either to pay or contribute to the payment of the debts due and owing by Isaac N. Hearn, at the time of his death, because the real estate did not pass to him by the devise in the will, but that the same passed to and vested in, and is held by him, under and by virtue of a deed, made to him by Isaac N. Hearn and Mary H. Hearn, his wife, dated the 8th day of September, 1902.

The appellant, Elijah C. Shockley, who also resists the sale of the property devised to George E. Hearn, for an additional reason to that urged by the appellant Hearn, avers in his answer, "that before the filing of the bill of complaint he purchased of G. Ernest Hearn for a present valuable consideration the lands described and called in by the names of the "Dale Farm" and the "Hutt Farm," and that he relied upon the record evidence of G. Ernest Hearn's title to said lands under the deed hereinbefore mentioned, and also upon declarations and assurances of William F. Johnson and G. Ernest Hearn, executors, with reference to the indebtedness of the estate, and that in good faith he has expended large sums of money in improvements upon the same and is now in possession of the lands as purchaser and owner.

There is no objection, on the part of any of the parties to the bill, to the sale of the testator's real estate except to the two farms known and called the Dale and the Hutt farms, devised to the appellant Hearn, and this appears to be the only matter in dispute and controversy, in the case.

The case was heard upon bill, answers, replication and proof, and from a decree of the Circuit Court of Worcester County, passed on the 30th day of October, 1908, adjudging and decreeing, "that all of the real estate of Isaac N. Hearn, deceased, including those described and designated·as the "Dale Farm" and the "Hutt Farm" as well as all the other lands, in both Worcester and Wicomico Counties, of the testator, or so much thereof as may be necessary for the payment of his debts, be sold, free, clear and discharged from all claim of the parties, plaintiffs and defendants, except the property in Snow Hall devised to the widow, which shall be sold subject to·her dower rights. And from this decree, the defendants, George E. Hearn and Elijah C. Shockley, have taken an appeal.

It will be thus·seen, that the controlling, and indeed the only question, presented by the appeal, and which was decided by the Court below, is the validity of the deed dated the 8th of September, 1902, from the father, Isaac N. to the son, G. Ernest Hearn, and the rights of Elijah C. Shockley, the vendee of Hearn, under a subsequent contract of sale, dated the 18th day of November, 1905.

The allegations of the bill are supported by the evidence, and the testimony taken before the examiner while somewhat voluminous, relates almost solely to the defence set up by the appellants, in their answer.

The material facts upon which the defense is based, briefly stated, are these: On the·8th day of September, 1902, Isaac N. Hearn and Mary H. Hearn, his wife, in consideration of natural love and affection and the sum·of·five dollars, conveyed to George E. Hearn in fee simple the two tracts of land here·in dispute. The deed was properly executed, but it was not delivered or recorded until April 5th, 1905, after the father's death, in March, 1905. It will be here noted that the·will, which devised the lands, and the deed were·executed contemporaneously, each bearing date the 8th of September, 1902.

The object and intention of the testator in signing the deed at the time he made the will is clearly explained and fully stated by the witness Wm. F. Johnson, who prepared both the will and the deed and who was the custodian of both papers until after the death of the testator and is one of the executors under the will.

In answer to the 11th interrogatory he states:

"11 Q. Did you have any conversation with Isaac N. Hearn with reference to the preparation of his will? If so, state the same in full.

"11 A. I did. I prepared the will at the dictation of Mr. Isaac N. Hearn, and I recollect at the time that he stated to me that he had originally intended the Dale and Hutt farms for his son Tom, and the lands in Wicomico for Ernest, but that on account of the association Tom's habits had become so bad that he would have to change and give the farms in Worcester to Ernest and the lands in Wicomico to Tom; and he furthermore said in this connection that for fear, as he expressed it, Tom might make trouble he wished me to prepare a deed also to Ernest for the two farms, which I did."

And in answer to the 14th interrogatory, said:

"14th Q. Did you or not prepare the will and the deed on the same day?

"14 A. I think so, to the best of my recollection. I recollect that the will was prepared by me—I don't remember that it was executed in my office. I know that the deed was also prepared, I think about the same time, and was taken by Mr. Isaac N. Hearn for the purpose of having his wife, as he stated, to sign it. He told me at the time that I was to keep both papers. I stated to him for the deed to be valid there should be a delivery—I recollect advising him on that point—to Mr. G. Ernest Hearn. Whether he did hand it to Mr. Hearn I have no positive knowledge, as he afterwards returned both papers to me. At his request I sealed them both in separate envelopes and kept them in my safe until after Mr. Isaac N. Hearn's death."

It also appears that the note dated the 10th day of September, 1902, delivered to Isaac N. by George N. Hearn, the alleged purchaser of the lands, in part consideration of the deed, contains the following: "Whereas Isaac N. Hearn and wife have conveyed to me by deed dated the eighth day of September, 1902, the two farms, one known as the 'Dale farm' and the other as the 'Hutt farm,' described in said deed, in consideration of the premises and other valuable consideration, I promise to pay to the said Isaac N. Hearn the sum of fifteen hundred dollars with interest thereon from the date hereof on *demand, this obligation to become void and of no effect* should *the title of said farms become again vested in the said* Isaac N. Hearn before the payment of this obligation."

It is obvious, we think, from this and the other evidence set out in the record, that there was no delivery to the grantee Hearn under the law of the deed in question, either during the lifetime of the father or after his death, except by Mr. Johnson to the grantee, and then to him as co-executor under the will.

In *Duer v. James,* 42 Md. 496, it is said, to constitute a delivery of a deed the grantor must do some act putting it beyond his power to revoke. There can be no delivery so long as the deed is within his control and subject to his authority. In the language of the Supreme Court in *Younge v. Guilbeau,* 3 Wall. 634, the grantor must part with the possession of the deed or the right to retain it.

In the case at bar the grantor never released dominion and control over the papers in question; both were held subject to his order, and he never directed the deed to be delivered after his death.

It is clear upon principle and authority that delivery is essential to the validity of every deed, and where an instrument does not operate *inter vivos,* but is made to depend for its operation upon the event of the death of the maker to consummate it it can only take effect as a testamentary paper. *Carey v. Dennis,* 13 Md. 1; *Leppoc v. National Bk.,* 32 Md.

136; *Kelleher* v. *Kernan*, 60 Md. 445; *Habergham* v. *Vincent*, 2 Ves. Jr. 231.

The deed in this case, however, cannot operate as a will, because it is not executed as the law requires.

But, apart from this, the deed was not recorded until two years and seven months after its execution, and could not affect the rights of existing creditors of the deceased or those who became such after its date and before it was filed for record. And against all creditors who have become so before the recording and without notice, it would have validity and effect only as a contract for the conveyance. *Nickle* v. *Brown*, 75 Md. 172; *Code*, Art. 21, secs. 1, 13, 14, 19, 20, 21.

According to the proof set out in the record, there was no notice or knowledge upon the part of the creditors of the deed, either actual or constructive, or such open, visible and actual possession of the properties on the part of the grantee as to constitute notice of title. *Kirby* v. *Tallmadge*, 160 U. S. 379; *Polk* v. *Clarke*, 92 Md. 372; *Code*, Art. 21, sec 20; *Dize* v. *Beacham*, 81 Md. 603.

As to the rights of the appellant Shockley it need only be said the delivery of the deed was essential to the transfer of the property, and without such transfer Shockley could acquire no title, except the title which Hearn derived to the farms through the will of his father. He had full notice of the condition of the title, because the agreement dated Jan. 2nd, 1906, signed by Hearn and Shockley, speaks for itself:

"The said G. Ernest Hearn has sold and agreed to convey to the said Elijah C. Shockley all those two farms situate in Worcester County, Maryland, near Snow Hill, known as the 'Dale' or 'Bratten farm' and 'Hutt farm,' and which were devised to said Hearn by the last will and testament of Isaac N. Hearn, deceased, said last will and testament having been duly admitted to probate by the Orphans' Court of Worcester County. The said Elijah C. Shockley hereby covenants and agrees to pay to said G. Ernest Hearn the balance of said purchase money, to wit, the sum of seven thousand five hundred dollars, upon the settlement of the estate of the said

Isaac N. Hearn and it is ascertained by said settlement that a clear title to said real estate can be conveyed by said G. Ernest Hearn to the said Elijah C. Shockley," etc.

But conceding to the contention of the appellants their fullest import, the deed on the facts of this case would be but a voluntary conveyance and would be void as against creditors. *Grover* v. *Radcliff,* 63 Md. 502; *Worthington* v. *Bullitt,* 6 Md. 173; *Nally* v. *Long,* 56 Md. 569.

It will be seen that we are of opinion that the decree of the Court below is correct, and should be affirmed.

The questions as to the rights of George E. Hearn, as a general creditor of his father's estate, either because of the transactions arising out of the deed or of any lawful claims against the estate; also an allowance for improvements made on the farms devised by the appellants Hearn and Shockley; also the mechanics' lien filed by Cordy & Co., were not passed on, but were reserved by the Court below to be determined after the sale of the lands and the payment of the debts of the deceased, so they will not be considered by us.

> *Decree affirmed, the costs to be paid out of the estate by the trustee upon the sale of the real estate.*