ETTA MERITHEW *vs.* SIMEON ELLIS.

Waldo.    Opinion November 24, 1917.

*Rule as to conveyance of property in consideration of future support being voidable*
*as to then existing creditors.    Rule where under an agreement for support the*
*same has been actually furnished in good faith.    Consideration.*
*Emancipation of children.    Rule where a father enters*
*into a contract with his emancipated child to*
*pay for services rendered by such child, or*
*where a conveyance is made by the*
*father to the child on account of*
*such services so rendered.*

In a real action to recover possession of property which the defendant alleges had
been conveyed in fraud of existing creditors, it is

*Held:*

1.   A conveyance of a debtor's entire property in consideration of future
support is purely voluntary and prima facie voidable as to existing creditors.

2.   But if, in the performance of such an agreement by the grantee, the support
has been actually furnished in good faith so that full value has been subse-
quently paid, prior to the assertion of rights by creditors, the conveyance will
be upheld.

3.   The conveyance from mother to daughter in this case had been paid for at
full value at the time of attack and must therefore stand.

4.   The evidence upon the defendant's claim for improvements under R. S.,
Chap. 109, Secs. 20, 24, 25 and 26 is so meagre that it is impossible to form an
intelligent judgment on this point.    The case will therefore be remanded to
nisi prius in order that a determination of that question alone may be made.

Real action.    Plea of nul disseizin filed by defendant and also
brief statement.    At close of testimony, by agreement of parties, case
was reported to Law Court to render such judgment as the rights of
the parties require.    Judgment in accordance with opinion.

Case stated in opinion.

*Eugene C. Upton, and Miss Aurelia E. Hanson,* of Malden, Mass.,
for plaintiff.

*Robert F. Dunton,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

CORNISH, C. J. Real action. Plea nul disseizin with brief statement claiming compensation for improvements. On report.

The real estate in question was conveyed to Henrietta H. Reed on April 18, 1888. After its purchase Mrs. Reed procured credit at the store of John M. Ames & Son of Stockton Springs, the last item of the account being dated March 15, 1889, and on that date the balance due was $33.66.

On June 6, 1889, while this balance was still unpaid, Mrs. Reed, a widow, conveyed the premises, consisting of a small house and lot, to her daughter Flora B. Reed, then fifteen years old, the consideration being the oral agreement of the daughter to care for her mother during her life. The debt from Mrs. Reed to Ames and Son remaining unpaid, they brought suit against her on December 22, 1894, and attached her real estate. Judgment was rendered for the plaintiff in this suit at the January term, 1896, and after seizure on execution the property in question was sold at sheriff's sale on February 26, 1896, to the judgment creditors, Ames and Son, and a sheriff's deed was duly executed and delivered to them.

The plaintiff's title is derived from Flora B. Reed, by deed dated November 2, 1901; the defendant's from Ames and Son under the sheriff's deed through various mesne conveyances.

After her purchase of the property in 1888, Mrs. Reed continued to occupy the premises until her eviction by the sheriff in September, 1902, during the alleged ownership of one Devereaux, a grantee in the defendant's chain of title, and she paid all taxes assessed thereon according to the plaintiff's testimony. Flora B. Reed remained on the premises until November 2, 1901, when she conveyed to her sister, the plaintiff, who agreed to continue the support of the mother during the remainder of her life. After the eviction in September Mrs. Reed, however, went to Belfast to again live with her daughter Flora, and remained with her until her death, March 3, 1903.

The issue here is between the plaintiff the source of whose title is the deed of June 6, 1889, the consideration of which was admittedly an agreement for future support of the grantor by the grantee, and the defendant, the source of whose title is the sheriff's deed based on

a judgment in behalf of an existing creditor of the grantor whose debt was unpaid when the conveyance in consideration of future support was given.

The defendant attacks the deed of June 6, 1889, from the mother to her minor daughter, relying upon the familiar principle that a conveyance of a debtor's entire property in consideration of future support is purely voluntary and prima facie voidable as to existing creditors. Such is the law. *Webster* v. *Withey,* 25 Maine, 326; *Rollins* v. *Mooers,* 25 Maine, 192; *Egery* v. *Johnson,* 70 Maine, 258; *Graves* v. *Blondell,* 70 Maine, 190; *Spear* v. *Spear,* 97 Maine, 498.

But another rule is of equal force, that if in the performance of such an agreement, the support has been actually furnished in good faith so that the consideration has been subsequently paid, the conveyance will be upheld. "Such a conveyance will not be set aside at the instance of creditors, after the support has been furnished in reliance on it, which in value exceeds that of the property conveyed." 12 R. C. L., 547. *Kelsey* v. *Kelley,* 63 Vt., 41; 20 Cyc., 493; *Harris* v. *Brink,* 100 Iowa, 366; *Walker* v. *Cady,* 106 Mich., 21; *Long Branch Banking Co.* v. *Dennis,* 56 N. J. Eq., 549. These cited cases are all in equity, but there is no logical reason why the justice of the principle should not be applied in an action at law when the facts warrant it. The case at bar affords a striking illustration of its efficacy. At the time when in March, 1889, Mrs. Reed owed Ames and Son a small balance of $33.66, she was the owner of this little home, bought with her pension money and worth as is admitted by the defendant's counsel in argument about one hundred dollars. She had no other property. She was in ill health and had previously been helped by the town. She had two daughters, Flora aged then fifteen, and Etta aged twenty-two. Flora was at work among the villagers and earning money on her own account. Under these circumstances the mother gave the property to the younger daughter in consideration of the oral agreement to care for her during the rest of her life. There is no claim of any actual fraud on the part of either mother or daughter. That deed was immediately placed on record, and therefore Ames and Son had constructive notice of the transaction. Had they then taken steps to set the conveyance aside as fraudulent, they would have been within their legal rights. But they sat by and allowed the daughter to pay the consideration which she had agreed to pay. For twelve years, that is from the time when she was fifteen up to the

time when she was twenty-seven years of age, she did care for and support her mother, and then on November 2, 1901, she conveyed the property to her older sister who in turn agreed to carry out the same contract. During all this time they remained in undisturbed possession.

For almost six years Ames and Son allowed the daughter to perform her agreement before they brought suit on their claim and it was not until September, 1902, thirteen years after the deed was given, that the mother was evicted and possession taken by a predecessor of the defendant in title.

That the daughter contributed to the support of the mother at an expense far greater than the value of the property, before Ames and Son made any move to enforce their rights, is apparent from the evidence. The value of the property was only one hundred dollars and certainly she contributed greatly in excess of twenty dollars per year for the five years after she received her deed. At the time the creditors began proceedings full consideration had therefore been paid and the conveyance was no longer voidable. On what principle of law should the creditors be allowed to step in and appropriate property that had been paid for in full? What preferential rights had they under these circumstances? As the court said in *Kelsey* v. *Kelley*, 63 Vt., 41, before cited, "The defendants, until they had furnished the full support were like a purchaser bona fide in every respect except they had not fully paid the contract price of the property purchased. . . . But although he does not pay full value at the time of purchase, if such payment is made in full before he is made aware of the infirmity of his purchase, he is fully protected."

Here thirteen years elapsed before the daughter was made aware of even the alleged infirmity of her purchase. Six of these years had been during her minority and seven after attaining her majority.

The fact that Flora was a minor at the time of the conveyance and agreement does not destroy her rights. Obviously she had been emancipated by her mother. As defined by our court "Emancipation must be by consent, express or implied, of the parent if living, and is an entire surrender of all right to the care, custody and earnings of the child as well as a renunciation of parental duties." *Lowell* v. *Newport*, 66 Maine, 78. It "occurs by the voluntary act of the parent in surrendering the rights and renouncing the duties of his position, or, in some way conducting the relation thereto in a manner

which is inconsistent with any further performance of them."
*Monroe* v. *Jackson*, 55 Maine, 59; *Carthage* v. *Canton*, 97 Maine, 473,
476.    Here the daughter was working and earning on her own account
and the mother dealt with her as with a stranger.    She did not
claim her services because of the filial relationship but contracted for
them under the agreement entered into between them, and that agree-
ment necessarily implied emancipation.    It provided that the
daughter should support the mother.    This she could not do if her
mother was still to claim and take her earnings.    This principle has
been well stated in these words:    "Since however a father may
emancipate his minor child it has been held that if he does so and
enters into a bona fide contract with the child to pay for services
performed by the child under such contract, such services are a
sufficient consideration to support a conveyance by the father to the
child as against the father's creditors."    20 Cyc. 532.

For these reasons it is the opinion of the court that the plaintiff
should prevail.    The conveyance from mother to daughter with
value fully paid at the time of attack by creditors must stand.

The defendant sets up a claim for improvements made by himself
and his predecessors, but the evidence is so meagre and unsatisfactory
on this branch of the case that it is impossible to form an intelli-
gent opinion on this important point.    The case will therefore be
remanded to nisi prius in order that a determination of that question
alone may be made, as provided by R. S., (1916), Chap. 109, Secs.
20, 24, 25 and 26.

In this way exact justice will be done to all the parties in interest.

> *Case remanded to nisi prius for
> further proceedings in accord-
> ance with opinion.*