[L. A. No. 13333. In Bank.—February 9, 1933.]

FIRST NATIONAL BANK OF PASADENA (a Corporation), Respondent, v. THOMAS M. SMITH et al., Defendants; DONALD C. BARBEE et al., Appellants.

Fred W. Morrison for Appellants.

Addison B. Ritchey for Respondent.

PRESTON, J.—Plaintiff, a judgment creditor of Thomas M. Smith, after return of execution *nulla bona* on its judgment, brought this action to impeach certain transfers of real property in Los Angeles County, made by the judgment debtor to defendant Ella Croft Barbee, who took title for the benefit of the community existing between herself and her husband, defendant Donald C. Barbee, and to charge said property and the proceeds thereof with payment of its claim, which amounted in the aggregate to $8,662.65. Said Thomas M. Smith, though named, was not served as a party defendant in the action. Issue was joined and a trial had which resulted in findings and judgment for plaintiff, declaring that the conveyances referred to were made with intent to hinder, delay and defraud plaintiff and in contemplation of insolvency and that they were not only made without consideration, but defendants, and each of them, participated in the transaction knowingly and for the purpose of aiding said Smith in the carrying out of his unlawful intent.

The evidence furnishes ample support for the findings and judgment. About 1926, upon a financial statement to plaintiff showing some ninety-odd thousand dollars in assets, Smith was accepted by it as a guarantor of an obligation to it of about $7,000. In December, 1928, after the liability on said obligation as against Smith had become a fixed one, he conveyed everything he had in the way of real and personal property to the defendant Ella Croft Barbee, reserving only certain corporate stocks, which at that time had little, if any, value. Defendants based their sole defense to this action upon the claim that these conveyances were made in consideration of their promise and pledge to provide for the support and maintenance of Smith during the re-

mainder of his natural life, he being at that time about seventy-eight years of age. But there is also evidence that even this promise was not the consideration for the transfer for at least one witness testified that the defendant Ella Croft Barbee had stated to him that the property of Smith had been deeded to her for its better management by her for the benefit of Smith. ■ Even if this were not the case, an executory agreement for future support is not a sufficient consideration as against an existing creditor who thereafter reduces his claim to judgment. (*Baxter* v. *Baxter*, 19 Cal. App. 238 [125 Pac. 359]; *Potts* v. *Mehrmann*, 50 Cal. App. 622 [195 Pac. 941].)

Defendants made no claim at the trial for the offset of the value of the support that had actually been furnished to Smith subsequent to the making of the agreement and prior to trial of this action. Moreover, there will be property left belonging to Smith in their hands after satisfying the demands of plaintiff. ■ The further fact is that the written agreement for the support of Smith by defendants declares on its face that he is about to divest himself not only of all property then owned by him, but that it is to cover as well all property he might thereafter acquire. This statement of itself would be sufficient notice to justify a finding of knowledge on the part of defendants of Smith's fraudulent intent in the matter. It has been wisely said that under our system of jurisprudence the debtor must be just before he can be generous.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Seawell, J., Thompson, J., and Waste, C. J., concurred.