## WESTMINSTER SAVINGS BANK *v.* EULALIA D. SHIPLEY SAUBLE, ET AL.

[No. 24, October Term, 1944.]

*Decided November 15, 1944.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER and HENDERSON, JJ.

*Ralph G. Hoffman,* with whom was *Ivan L. Hoff* on the brief, for the appellant.

*D. Eugene Walsh,* for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

The issue in this interpleader proceedings is whether an assignment which Jesse W. Shipley made of a remainder

interest on March 31, 1939, to his daughters, Eulalia D. Shipley Sauble and Beatrice Shipley Myers, is void as against the Westminster Savings Bank, his creditor.

On April 1, 1939, the bank sold Shipley's mortgaged real estate under foreclosure, and in July recovered a deficiency judgment against him for the sum of $1,976.92. In January, 1943, after the life tenant's death, the bank attached the remainder-man's share of $2,331.30 in the hands of Ivan L. Hoff. executor. Upon receiving notice of the assignment, which had never been recorded, the executor petitioned the court to decide whether the remainder belonged to the assignees or to the bank. The chancellor upheld the assignment and decreed that the assignees were entitled to the fund. The bank is appealing from that decree.

It has been an ancient policy of the common law to protect the rights of creditors against all dispositions of property which result in fraud. In 1570 the Parliament enacted the Statute of 13 Elizabeth ch. 5, which declared void any conveyance made with intent "to delay, hinder or defraud creditors," but provided that the act did not extend to any estate or interest conveyed "upon good consideration and *bona fide*" to any person without notice of the fraud. 1 *Alexander's British Statutes*, Coe's Edition, 499-545. The object of the statute was to aid in the suppression of fraud by protecting creditors from any conveyances by debtors to relatives or friends under the pretext of discharging a moral obligation. This statute is declaratory of the common law and is construed liberally by the courts, both at law and in equity. It has been uniformly held in England and the United States that a voluntary conveyance made by an insolvent to his child is void as against creditors existing at the time of the conveyance. *Lord Townshend v. Windham,* 2 Ves. 1; *Reade v. Livingston,* 3 Johns Ch., N. Y., 481, 8 Am. Dec. 520, 535; *Sturtevant v. Ballard,* 9 Johns., N. Y., 337, 6 Am. Dec. 281. Justice Story observed that such a conveyance "has neither a good nor a meritorious consideration to support it, * * * for every man is bound to be

just before he is generous; * * * and no man has the right to prefer the claims of affection to those of justice." 1 *Story, Equity Jurisprudence,* 12th Edition, Secs. 353, 355.

The law is now firmly established that no man, upon the pretext of liberality, can give away property which in equity and good conscience ought to be used to pay his debts. It is a settled principle that a voluntary conveyance is *prima facie* in fraud of existing creditors of the grantor without regard to his actual intention. The primary purpose or motive with which a voluntary transfer of property is made by a party indebted at the time is immaterial. *Goodman v. Wineland,* 61 Md. 449, 451; *Hearn v. Purnell,* 110 Md. 458, 72 A. 906; *Coburn v. Pickering,* 3 N. H. 415, 14 Am. Dec. 375, 377; *Matthews v. Thompson,* 186 Mass. 14, 71 N. E. 93, 96, 66 L. R. A. 421, 104 Am. St. Rep. 550. On the other hand, where a transfer has been made for a valuable consideration the Court may possibly still find fraudulent intent from other circumstances, such as insolvency or heavy indebtedness of the grantor, litigation pending or anticipated, relationship between the parties, concealment or secrecy, and transfer of the debtor's entire estate. None of these indicia of fraud alone necessarily proves fraud; but they do warrant an inference of fraud, especially where several of the indicia concur. *Brennecke v. Riemann,* Mo. Sup., 102 S. W. 2d 874, 109 A. L. R. 1214.

In the case before us it is conceded that the assignor was in "dire financial circumstances" when he made the assignment and he made oath that the consideration was love and affection and the purpose that the daughters would keep their parents and take care of them during their declining years. In *Wilmer v. Placide,* 131 Md. 399, 404, 102 A. 541, 543, the Court of Appeals adopted the general rule that when a person conveys property in consideration of an agreement to support him in the future, and by the conveyance renders himself unable to pay his debts, the conveyance is void as to existing creditors. Chief Judge Boyd said in that case: "If that could be permitted, no creditor would be safe. All a

debtor would have to do would be to convey all his property that his creditors could reach to a third person on the understanding that he was to be cared for and maintained for life." Not only does such a conveyance, until support is actually furnished, have the infirmity of an executory agreement, but it is presumed as a matter of law that the grantor had fraudulent intent, and that the grantee had knowledge of the grantor's indebtedness. *Ludlow Savings Bank & Trust Co. v. Knight*, 92 Vt. 171, 102 A. 51, 2 A. L. R. 1433.

It is unquestioned that an assignment made by a remainderman of his remainder interest for valuable consideration is valid as against an attachment subsequently issued on a judgment against the assignor laid in the hand of the executor as garnishee. *Hohman v. Orem*, 169 Md. 634, 182 A. 587. But it is clear that an executory agreement for a judgment debtor's future support is not sufficient consideration to support a transfer of property as against an existing creditor, even though the claim is not reduced to judgment until thereafter. *First National Bank of Pasadena v. Smith*, 217 Cal. 394, 18 P. 2d 930. It is also clear that if a debtor inherits property, he cannot give it away and thus deprive his creditors of it merely because he did not own it at the time the debt was incurred. *Turner v. Hudson Cement & Supply Co.*, 133 Md. 134, 142, 104 A. 455. The Uniform Fraudulent Conveyance Act, which has been in force in Maryland since 1920, expressly provides that every conveyance made by an insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made without "a fair consideration"; and where a conveyance is fraudulent as to a creditor whose claim has not matured, the Court may restrain the defendant from disposing of his property, or appoint a receiver to take charge of the property, or set aside the conveyance. Acts of 1920 ch. 395; Code, 1939, Art. 39B, Secs. 4, 10. The Uniform Act is declaratory of the common law and is practically a restatement of the Statute of 13 Elizabeth. *Dorrington v. Jacobs*, 213 Wis. 521, 252 N. W. 307, 91 A. L. R. 737. It

is immaterial in the decision of this case that the assignment was made before the bank recovered its judgment.

It has been generally accepted that when a conveyance is made in consideration of future support of the grantor, and the parties act in good faith, and support is actually furnished, the conveyance is valid as against creditors to the extent of the value of support already furnished. *Merithew v. Ellis,* 116 Me. 468, 102 A. 301, 2 A. L. R. 1429; *Kelsey v. Kelley,* 63 Vt. 41, 22 A. 597; *J. G. Cherry Co. v. Helm,* 98 Neb. 626, 154 N. W. 205, 2 A. L. R. 1436; 24 Am. Jur., *Fraudulent Conveyances,* Secs. 35, 36. Of course, it is possible that the daughters in this case may find it necessary to support their parents in future years; but, if they do, they will not be doing more than their moral and legal duty. The Legislature of Maryland has enacted that any adult who has a destitute parent in this State unable to support himself or herself, and who is able to provide such parent with necessary shelter, food, care and clothing, and yet neglects to do so, is guilty of a misdemeanor. Code, 1939, Art. 27, Sec. 98. It appears from the record that the father and mother lived with one daughter less than a year, and with the other daughter more than a year. But it is obvious that, since both parents have had employment, the father in a shoe factory, and the mother in a sewing factory, and they have paid for their own clothing and for one-half of the cost of food, the daughters have not yet undertaken to support their parents "during their declining years."

Finding the assignment constructively fraudulent, we must reverse the chancellor's decree awarding the assignor's remainder estate to appellees, and remand the case for the passage of a decree declaring the assignment void as against appellant.

*Decree reversed, and case remanded for the the passage of a decree in accordance with this opinion, the costs to be paid out of the fund deposited with the clerk.*