559 P.2d 839

**Valerie A. FEVIG, as guardian of the persons and Estates of Mary Louise Fevig and Donna Jean Fevig, minors, Petitioner-Appellant,**

v.

**Valrie Marjorie FEVIG and Walter W. Fevig, Respondents-Appellees.**

**No. 11040.**

Supreme Court of New Mexico.

Jan. 26, 1977.

Toulouse, Krehbiel & DeLayo, P.A., Leonard J. DeLayo, Jr., Albuquerque, for appellant.

R. Hugo C. Cotter, Albuquerque, for Valrie M. Fevig.

William P. Runnels, Albuquerque, for Walter W. Fevig.

OPINION

SOSA, Justice.

Petitioner-appellant Valerie A. Fevig, as guardian of the persons and estates of her minor sisters Mary Louise and Donna Jean Fevig, sought a decree from the trial court ordering their parents, Valrie M. Fevig and Walter Fevig, respondents-appellees, to contribute to the support and maintenance of the two minor children. The trial court found for the respondents. Petitioner appeals.

On April 17, 1970, the respondents were divorced. Valrie M. Fevig was awarded custody of Mary and Donna, but on October 23, 1970, custody of them was awarded to Walter Fevig. The children stayed with their father until late April or early May, 1975, when they moved out of their father's home and moved in with their older sister Valerie. On June 11, 1975, Valerie was appointed guardian of the persons and estates of Mary and Donna. Valerie filed for welfare assistance to enable her to support her two sisters, and she received $129 per month. On January 9, 1976, Valerie filed suit against respondents, alleging both had neglected to provide for their minor children, and requested an order of the court to compel contribution to their support.

The trial court held that (1) the minor children voluntarily left their home and thus relieved their parents from their support obligation, (2) the children were emancipated, and (3) the petitioner stood in loco parentis to the children. Thus the trial court concluded neither respondent owed a duty to support the two minor children.

Appellant first argues that the children are not emancipated based upon the facts presented. Appellees argue that since Mary and Donna left voluntarily and independently, they had emancipated themselves. The facts are mostly undisputed. Mary and Donna did not get along with their stepmother (Walter remarried). One day they had an argument with their father about keeping their room clean. Their father told them that if they could not keep their room clean, they could go to their mother. Mary Fevig testified to the exchange as follows:

. . . and my father said, "Well, if you love your mother so much, why don't you go back with her?" And his wife said, "Why don't you pack up your bags right now," so we left.

Mary and Donna left with some of their clothes, but they went to their sister's home instead.

Parents have a duty to support their children until they reach the age of majority or are otherwise emancipated. *Mason v. Mason*, 84 N.M. 720, 507 P.2d 781 (1973). In the case before us, neither child has reached the age of majority. Thus, in order to sever the parental duty of support, the children had to be emancipated. By voluntarily leaving their father's home after an argument, did Donna and Mary emancipate themselves? We think not.

The power to emancipate a minor resides in that parent or those parents having the duty to support the child. *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E.2d 753 (1965). An express emancipation of a minor takes place when the parent freely and voluntarily agrees with his child, who is able to care and provide for himself, that he may leave home, earn his own living, and do as he pleases with his earnings. *Rounds Bros. v. McDaniel*, 133 Ky. 669, 118 S.W. 956 (1909); cf. *Gillikin v. Burbage*, supra; *Merithew v. Ellis*, 116 Me. 468, 102 A. 301 (1917), 2 A.L.R. 1429 (1919). There is no evidence that Mary and Donna agreed that their parents were to be relieved of the responsibility of supporting them. Although she agreed to become their guardian, Valerie never agreed to furnish all the monetary support for her younger sisters. Walter Fevig, who earns approximately $1000 per month, testified at trial that he expected to furnish some support, and Valrie Fevig, who earns approximately $700 per month, stated she would be willing to furnish support for her daughters. Neither Donna nor Mary was able to care and provide for

herself, and neither one earned her own living. Thus, there is no express emancipation in this case. Emancipation of a minor may be partial and implied, however. See *Parker v. Parker*, 230 S.C. 28, 94 S.E.2d 12 (1956), 60 A.L.R.2d 1280 (1958). In *Fitzgerald v. Valdez*, 77 N.M. 769, 776, 427 P.2d 655, 659, (1967), we stated: "Once the family relationship is altered so that the child is no longer subject to parental care and discipline, the child is said to be emancipated. Emancipation as between parent and child is the severance of the parental relationship so far as legal rights and liabilities are concerned (citations omitted)." In that case the son had been emancipated as a matter of law upon reaching the age of majority (the fact that he lived with and was supported by his parents did not change his status of being emancipated). In the case before us the legal duty of the parents to support their minor children has not been severed because Mary and Donna are unable to support themselves. The parental right of discipline and care was severed and transferred to their guardian (Valerie), but Valerie did not agree to be the sole supporter of Mary and Donna. We hold there was a partial emancipation of Mary and Donna with respect to their parents' right to discipline and care for them. However, the parents' duty of support has not been extinguished.

■ Appellant argues that the trial court's conclusion that the appellee stood in loco parentis to her younger sisters, and thus the respondents had no duty to support Donna and Mary, was error. We agree. A person is said to stand in loco parentis when he puts himself in the situation of a lawful parent by assuming the obligations incident to the parental relationship without going through the formalities necessary to a legal adoption. *Commonwealth v. Smith*, 429 Pa. 561, 241 A.2d 531 (1968). However, the person must intend to assume toward the child the status of a parent. *State v. Superior Court for King County*, 37 Wash.2d 926, 226 P.2d 882 (1951); *Kransky v. Glen Alden Coal Co.*, 354 Pa. 425, 47 A.2d 645 (1946). The trial testimony shows that appellant did not intend to support her minor sisters, indeed she could not support her minor sisters without outside help, and that she expected her parents to contribute to the financial support of Donna and Mary.

The trial court is reversed with directions to determine reasonable support for Donna and Mary to be assessed against respondents-appellees.

EASLEY and PAYNE, JJ., concur.