519 A.2d 775

Richard SPITZ, Jr.

v.

Charles H. WILLIAMS, et ux.

No. 477, Sept. Term, 1986.

Court of Special Appeals of Maryland.

Jan. 12, 1987.

Arnold P. Popkin, Suitland, for appellant.

Joseph V. Kneib (Stephen C. Starkey, Kneib and Starkey, Richard B. Starkey and Andrews, Schick & Bongar, on the brief), Waldorf, for appellees.

Argued before GARRITY, BLOOM and WENNER, JJ.

WENNER, Judge.

■ Upon this appeal, appellant, Richard Spitz, Jr., asks us to examine an issue which was settled by this court in *Watterson v. Edgerly,* 40 Md.App. 230, 388 A.2d 934 (1978). That issue is: "whether a husband may convey his interest in real property, owned by the husband and his wife as tenants by the entireties, to his wife ... so as to shield the husband from his judgment creditors." 40 Md.App. at 232, 388 A.2d 934 (footnote omitted). Our answer remains the same; yes.

That is so because the creditor of one spouse "has no lien against the property held as entireties and no standing to complain of a conveyance which prevents the property from falling into his grasp." *Id.* at 238, 388 A.2d 934 (citation omitted).[1]

Appellant argues that *Watterson* is not controlling in this case because Chief Judge Gilbert, in the *Watterson* opinion, did not consider the effect of Commercial Law Article §§ 15–201 et seq., the Maryland Uniform Fraudulent Conveyance Act.

We note that the Maryland Uniform Fraudulent Conveyance Act "has been in force in Maryland since 1920", *Westminster Savings Bank v. Sauble,* 183 Md. 628, 632, 39 A.2d 862 (1944). Therefore, we cannot assume that it was simply overlooked by Chief Judge Gilbert in the *Watterson* opinion.

■ The short answer to appellant's contention is that the same rationale would apply to an action brought pursu-

---

1. *See, State of Maryland v. One 1984 Toyota Truck,* 69 Md.App. 235, 517 A.2d 103 (1986), for an elaboration on the properties of, and the methods for terminating, an estate of tenancy by the entireties.

ant to the Maryland Uniform Fraudulent Conveyance Act. Specifically, Commercial Law Article § 15–209 permits a creditor to have a conveyance set aside "[i]f a conveyance or obligation is fraudulent as to a creditor...." As we observed earlier, a creditor of either a husband or a wife cannot attach the debtor's interest in entireties property. Therefore, a conveyance of that property, which was already beyond the creditor's reach, would not be fraudulent as to the creditor and could not be set aside in an action under the Maryland Uniform Fraudulent Conveyance Act.[2] *Compare, Pearce v. Micka,* 62 Md.App. 265, 277, 489 A.2d 48 (1985).[3]

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

2. Appellant alludes to the fact that appellee is making substantial monthly payments to his wife, while claiming he owns no assets. We cannot address that issue in this appeal as it was neither raised nor argued below. Rule 1085. We therefore express no opinion as to appellant's rights with respect to any other alleged transfers.

3. *Pearce* is the reverse of the case *sub judice.* In *Pearce* we held that the utilization of individually owned funds by an insolvent to reduce the mortgage debt on entireties property was a fraudulent conveyance with respect to the insolvent's creditors, because funds which were previously available to those creditors were put beyond their reach.