**In re Norbert M. ARANGO, Debtor.**

**Bankruptcy No. 91–34692.**

United States Bankruptcy Court, E.D. Tennessee.

Feb. 12, 1992.

Kennerly, Montgomery & Finley, P.C., William S. Lockett, Jr., Knoxville, Tenn., for debtor.

Farris, Warfield & Kanaday, Robert C. Goodrich, Jr., Nashville, Tenn., for Third Nat. Bank in Nashville.

John F. Weaver, Knoxville, Tenn., Trustee.

### MEMORANDUM ON DEBTOR'S MOTION TO AVOID LIEN

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The court has before it the debtor's "Motion to Avoid Lien" (Motion) filed November 22, 1991. By this Motion, the debtor seeks to avoid a judicial lien asserted by Third National Bank in Nashville (Third National) against the debtor's survivorship interest in real property held by the debtor and his nondebtor spouse as tenants by the entirety. Third National opposes the Motion. Facts and documents material to the resolution of this contested proceeding are before the court upon written stipulations filed January 21, 1992.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (K) and (O) (West Supp. 1991).

I

The debtor and his nondebtor spouse own three parcels of real property in Blount County, Tennessee, as tenants by the entirety. One parcel, worth an estimated $55,000, is the residence of the debtor and his spouse. The debtor's spouse uses

the second parcel, a commercial building worth approximately $100,000, for her business. The third parcel is a rental house valued at approximately $40,000. The three parcels are unencumbered except for Third National's judgment lien, which arises out of a judgment entered against the debtor on March 25, 1991, in the Chancery Court for Blount County, Tennessee, in the amount of $87,283.82.

On September 18, 1991, the debtor filed an individual petition under Chapter 7 of the Bankruptcy Code. The debtor scheduled the three parcels of real property at issue as exempt pursuant to Code § 522(b)(2)(B). Upon Third National's objection to the debtor's claimed exemptions, an Agreed Order was entered on December 6, 1991, in which the debtor stipulated that "[h]is exemptions ... do not include the Debtor's survivorship interest in properties owned by the Debtor as a tenant by the entirety." On November 22, 1991, before the Agreed Order was entered, the debtor filed the Motion initiating this contested proceeding.

## II

When an individual bankruptcy petition is filed, Code § 522(b)(2)(B) allows the debtor to exempt from property of the estate:

any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C.A. § 522(b)(2)(B) (West 1979 & Supp.1991).[1]

Tenancy by the entirety arises only in the context of property owned by married couples. In construing Tennessee's law of tenancy by the entireties, the Tennessee Supreme Court has stated:

[E]ach tenant shall have a joint right to the use, control, incomes, rents, profits,

usufructs, and possession of property so held, and neither may sell, encumber, alienate or dispose of any portion thereof except his or her right of survivorship, without the consent of the other.

*Robinson v. Trousdale County*, 516 S.W.2d 626, 632 (Tenn.1974).

Accordingly, a tenancy by the entirety in Tennessee is composed of two distinct groups of property interests: (1) the joint right of the tenants to the use and control of the entireties property; and (2) the individual survivorship interest held by each tenant. The former can be sold, alienated, or encumbered only upon consent of both tenants, while the survivorship interest can be sold, encumbered, or otherwise alienated by an individual spouse acting alone. *See also Third Nat'l Bank in Nashville v. Knobler*, 789 S.W.2d 254 (Tenn.1990). Thus, in Tennessee an individual spouse's survivorship interest may be levied upon by a creditor with a claim against only that spouse. However, the individual spouse's right to use and control of the entireties property is immune from such process. *Ray v. Dawson (In re Dawson)*, 10 B.R. 680 (Bankr.E.D.Tenn.1981), *aff'd* 14 B.R. 822 (E.D.Tenn.1981); *Waldschmidt v. Shaw (In re Shaw)*, 5 B.R. 107 (Bankr.M.D.Tenn.1980).

Because in Tennessee property held by the entirety is immune from process by creditors of an individual spouse, it may be exempted from the bankruptcy estate pursuant to § 522(b)(2)(B). However, because the survivorship interest of an individual tenant is amenable to process in Tennessee, it remains in the bankruptcy estate for the benefit of creditors. *In re Shaw*, 5 B.R. at 110. The *Shaw* court, relying on *Robinson v. Trousdale County*, held that, except for the survivorship interest, a debtor's interest in entireties property passes out of the bankruptcy estate. 5 B.R. at 109.

The debtor in the instant case is attempting to take the rationale of *Shaw* one step further. The debtor relies on

---

1. A married couple's interest in entireties property is bifurcated for § 522(b)(2)(B) purposes only when one of the spouses individually files a bankruptcy petition. If both spouses file, their entire interest becomes property of the estate not subject to the § 522(b)(2)(B) exemption.

Bankruptcy Code § 522(f), which provides in material part:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien[.]

11 U.S.C.A. § 522(f) (West 1979).

The debtor argues that allowing Third National to enforce its judicial lien on his right of survivorship will impair his § 522(b)(2)(B) exemption of the use and control of the entireties property. In support of this argument, the debtor cites the following language in the Tennessee Supreme Court's recent decision in *Knobler*:

> The Court of Appeals also expressed the opinion that the result it reached was consistent with the policy of free transferability of the property. The Court said, "were the rule otherwise, the conveyed right of survivorship of one spouse would prevent the other from being able to join with the one to pass a marketable title." We fail to see, however, how the other spouse's position is worsened by the fact that a survivorship interest is now held by a third party. In order to convey a marketable title, a spouse must obtain the consent of the other spouse if the property is held by the entireties. *If the survivorship interest is held by a third party, the spouse must obtain the consent of that party in order to convey a marketable title.* The marketability of the title is the same, in either event.

789 S.W.2d at 255–56 (emphasis added).

The debtor argues that, because he and his nondebtor spouse are unable to convey marketable title without the consent of Third National, which holds a lien encumbering his survivorship interest, their right to "control" their entireties property is impaired. The debtor contends that because such right to control the entireties property is exempt pursuant to § 522(b)(2)(B), Third National's ability to prevent conveyance of a marketable title impairs that exemption. Such impairment, the debtor argues, calls into play § 522(f) which allows him to avoid Third National's judgment lien.

The debtor mistakenly equates "control" of the entireties property with the ability to convey marketable title. When one spouse conveys away his or her survivorship interest in entireties property, the parties are left with something less than the entire interest in the property. The couple is, therefore, unable to convey marketable title, *i.e.*, the fee simple absolute estate.[2] However, nothing prevents the couple from conveying the entire interest they hold, *i.e.*, the "joint right to the use, control, incomes, rents, profits, usufructs, and possession" of the entireties property. *Robinson*, 516 S.W.2d at 632. Even though they hold less than the entire interest, they remain in complete "control" over the interest they do hold. Consequently, a third party's ownership or encumbrance of a debtor's survivorship interest does not impair the debtor's exempt interest in the entireties property.

The debtor's argument apparently stems from a misreading of the language from *Knobler* quoted on page 742 of this Memorandum. The debtor argues that *Knobler* establishes a concept entirely new to Tennessee jurisprudence. The court disagrees. *Knobler* describes the state of the law since at least 1974 when the Tennessee Supreme Court in *Robinson* defined the estate of tenancy by the entirety. Indeed, *Knobler* is merely a logical extension of *Robinson*. Clearly, a married couple is unable to convey marketable title, *i.e.*, the fee simple absolute title, to real property owned as tenants by the entirety when the survivorship interest of one spouse has been sold, encumbered, or otherwise alienated.

2. When, as in the instant case, a husband's survivorship interest is levied upon, the couple is left with the ability to convey only a fee simple defeasible. The estate will return to a fee simple absolute if the husband predeceases the wife. However, if the wife predeceases the husband, the third party holding the husband's survivorship interest will take the entire estate. *See Citizens & Southern Nat'l Bank v. Auer,* 640 F.2d 837 (6th Cir.1981).

 

Additionally, the *Knobler* court, in the quoted passage relied upon by the debtor, was discussing the effect that the ownership of one spouse's survivorship interest by a third party has on the marketability of the other spouse's interest. In the context of § 522(b)(2)(B) and (f), the only relevant issue is the extent to which a third party's lien impairs an exemption of the debtor's survivorship interest. The result is the same. Notwithstanding that a third party such as Third National may have acquired or encumbered a debtor's survivorship interest, voluntarily or involuntarily, the debtor retains the same control he or she would have over his or her entire remaining interest in the absence of the third party. That is, the debtor has a "joint right to the use, control, incomes, rents, profits, usufructs and possession" of such property, and with the spouse's consent, may convey away the entire interest he or she holds. *Robinson*, 516 S.W.2d at 632. This interest is not impaired by a judgment lien encumbering a debtor's survivorship interest. The fact that the debtor's interest is less than the whole is immaterial.

Finally, even if the debtor were to successfully avoid Third National's lien, the survivorship interest would not itself be exempt. Indeed, the debtor stipulated in the Agreed Order entered on December 6, 1991, that he was not attempting to exempt his survivorship interest in property owned as a tenant by the entirety. By the instant Motion, the debtor is attempting to avoid a lien by showing that imposing the lien on a nonexempt property interest would impair an interest in exempt property. However, avoiding a lien on the nonexempt property would not render such property exempt. Consequently, even if Third National's lien were avoided, the debtor's survivorship interest would remain an asset of his bankruptcy estate. The trustee would then convert it to cash and distribute it to creditors. There is, therefore, no benefit to the debtor.

For the foregoing reasons, the debtor's Motion will be denied. This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052. An appropriate order will be entered.