In re Norbert M. ARANGO, Debtor.

Norbert M. ARANGO

v.

**THIRD NATIONAL BANK IN NASHVILLE.**

No. CIV–3–92–259.
Bankruptcy No. 91–34692.

United States District Court
E.D. Tennessee,
at Knoxville.

June 29, 1992.

ORDER

HULL, District Judge.

Chapter 7 Debtor Norbert M. Arango appeals from an Order of February 12, 1992, by United States Bankruptcy Judge Richard Stair, Jr., denying his motion to avoid a judicial lien asserted by the Third

**466**

National Bank in Nashville (Third National), 136 B.R. 740. For the reasons which follow, Judge Stair's ruling is hereby AFFIRMED.

Arango filed a voluntary, individual bankruptcy petition in September of 1991, and scheduled three parcels of real property, which he owns as a tenant by the entirety with his non-debtor wife, as exempt from property of the estate pursuant to Bankruptcy Code § 522(b)(2)(B). Upon Third National's objection, he stipulated that his exemptions did not include his survivorship interest in the properties.

Code § 522(b)(2)(B), allows the debtor to exempt from property of the estate,

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Under Tennessee's "applicable nonbankruptcy law," a tenancy by the entirety is composed of two distinct groups of property interests: the joint right of the tenants to the use and control of the entireties property and the individual survivorship interest held by each tenant. Only the former joint right is exempt from process by creditors of an individual spouse and may be exempted from the bankruptcy estate pursuant to § 522(b)(2)(B). The survivorship interest, which is amenable to process in Tennessee, remains in the estate for the benefit of creditors.

Despite this, debtor Arango moved to avoid Third National's judicial lien on his survivorship interest in the properties at issue pursuant to 11 U.S.C. § 522(f). This section provides, in pertinent part,

> Notwithstanding any waiver of exemptions, *the debtor may avoid the fixing of a lien* on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled* under subsection (b) of this section, if such lien is ... a judicial lien.... (emphasis added)

He argues that allowing Third National to enforce its judicial lien on his right of survivorship will impair his § 522(b)(2)(B) exemption of the use and control of the entireties property. This is because he and his nondebtor wife are now unable to convey marketable title to the encumbered properties without the consent of Third National. This impairment of his right to "control" his entireties property (by being able to convey good title), he argues, calls into play the lien avoidance provision of § 522(f).

Mr. Arango relies upon *Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). In that case, the Supreme Court held that to determine the application of the bankruptcy lien avoidance provision in § 522(f), a bankruptcy court should ask whether the lien in question impairs an exemption to which the debtor would have been entitled but for the lien itself. He argues that Third National's lien impairs his exemption of his right to control and sell the entireties property, even though the lien is only on his survivorship interest, and therefore should be avoided under § 522(f).

This Court understands Mr. Arango's argument and concedes that a judgment lien on a husband's right of survivorship impairs the other incidents of entireties ownership which are immune from process and can be exempted from the bankruptcy estate. However, it doubts that the *Owen* decision contemplated the result sought here. If Mr. Arango's argument were accepted, then all Tennessee law concerning what property is subject to and what is immune from process would be meaningless in bankruptcy situations. Judgment lien creditors of a single spouse would be unable to reach any interest in entireties property if the debtor claimed them exempt under § 552(b)(2)(B).

As this Court understands the *Owen* decision, it allows a debtor to avoid a lien on property which the debtor could otherwise claim as exempt (in that case homestead property). But in this case, Mr. Arango seeks to avoid a lien on a survivorship interest in entireties property which he

would not be entitled to exempt, with or without the lien.

Judge Stair understood Mr. Arango's argument and properly rejected it. He reasoned that,

[n]otwithstanding that a third party such as Third national may have acquired or encumbered a debtor's survivorship interest, ... the debtor retains the same control he or she would have over his or her entire remaining interest in the absence of the third party. That is, the debtor has a "joint right to the use, control, incomes, rents, profits, usufructs and possession" of such property, and with the spouse's consent, may convey away the entire interest he or she holds.... The fact that the debtor's interest is less than the whole is immaterial.

The Bankruptcy Court applied the proper standard in denying the debtor's motion to avoid Third National's judgment lien and is hereby AFFIRMED.