In re Robert L. GILES, Henrietta Giles, Debtors.

Robert GILES, Henrietta Giles, Movants,

v.

CHEVY CHASE BANK FSB, Commercial Credit Corporation, Greenwood Trust Co., d/b/a Discover Card Services, Inc., Old Republic Surety Co., Vincent Butler, Montgomery Ward Credit Corp., Debra Aronson, Respondents.

Bankruptcy No. 97–1–5460–PM.

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

July 1, 1998.

Matthew A. Rizzo, Washington, DC, for Debtor.

Steven H. Greenfeld, Chapter 7 Trustee, Washington, DC.

Debra Aronson, Rockville, MD, Pro se.

Barry E. Gordon, Bethesda, MD, for Montgomery Ward Credit Corp.

Vincent Butler, Amherst Station, Silver Spring, MD, Pro se.

Stuart R. Blatt, Baltimore, MD, for Old Republic Surety Co.

Wolpoff & Abramson, Bethesda, MD, for Greenwood Trust Co.

Edgar H. Gans, Niles, Barton & Wilmer, Baltimore, MD, for Commercial Credit Corp.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Before the court are seven (7) motions filed by Robert L. Giles and Henrietta Giles (hereinafter "Debtors") to avoid judicial liens held by Chevy Chase Bank FSB, Commercial Credit Corporation, Greenwood Trust Co., d/b/a Discover Card Services, Inc., Old Republic Surety Co., Vincent Butler, Montgomery Ward Credit Corporation, and Debra Aronson (hereinafter "Creditors"). Each of these Creditors holds a judgment against Debtor, Robert L. Giles, individually.

Debtors own their residence located at 25 Yeatman Court, Silver Spring, Maryland, as tenants by the entireties. They claim their interest in the entireties property as exempt pursuant to 11 U.S.C. § 522(b)(2)(B). Debtors seek to avoid the judicial liens, alleging that these judgments against Robert L. Giles impair the exemption claimed.

## I. RELEVANT BANKRUPTCY CODE PROVISIONS

**11 U.S.C. § 522. Exemptions**

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. . . .

(2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

\* \* \* \* \* \*

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien. . . .

**11 U.S.C. § 101. Definitions**

In this title—

(36) "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

Under Maryland law, judgments either are or can be made liens upon real property. Section 11–402(b) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland provides:

**§ 11–402. Judgment constitutes lien.**

(b) *Judgment of court of original entry*—If indexed and recorded as prescribed by the Maryland Rules, a money judgment of a court constitutes a lien to the amount and from the date of the judgment on the judgment debtor's interest in land located in the county in which the judgment was rendered except a lease from year to year or for a term of not more than five years and not renewable.

Md.Code Ann., Cts. & Jud. Proc. § 11–402 (1995 Repl.Vol.).

## ISSUE PRESENTED

A husband and wife file a joint bankruptcy case under Chapter 7 in the District of Maryland. Several creditors have judicial liens arising from judgments against the husband only. The debtors claim their residence that they own as tenants by the entirety as exempt. The issue presented is whether these debtors may proceed under § 522(f)(1)(A) of the Bankruptcy Code and avoid the judicial liens against the husband's interest as liens impairing an exemption.

## DISCUSSION

The court will begin with an admonition of what this case does not involve. The first category consists of those situations where one of two tenants by the entirety files a bankruptcy case and seeks a discharge so as to frustrate the efforts of a creditor holding a claim or judgment lien against both from collection. The Fourth Circuit has long pronounced such efforts as tantamount to "legal fraud." *See Sovran Bank, N.A. v. Anderson,* 743 F.2d 223, 224 (C.A.4 1984) (determining that the bankruptcy court was justified in finding "cause" for modifying the automatic stay to allow the bank to foreclose on a home held by the debtor and his spouse as entireties property and claimed as exempt, where the bank could not reach the property in the bankruptcy proceeding and the collateral was inadequate to cover the indebtedness); *Chippenham Hosp., Inc. v. Bondurant,* 716 F.2d 1057, 1059 (C.A.4 1983) (holding that "the reasoning of [Phillips v.] Krakower and its progeny is still applicable" under the Bankruptcy Code); *Reid v. Richardson,* 304 F.2d 351, 355 (C.A.4 1962) (holding that the bankruptcy court properly reopened the husband's bankruptcy case and consolidated it with his spouse's bankruptcy, "particularly in view of the 'legal fraud' that would occur if this estate were not reopened," so as to permit the enforcement in the bankruptcy court of the joint claims against the debtors' entireties property); *Phillips v. Krakower,* 46 F.2d 764, 765–66 (C.A.4 1931) ("It was never contemplated that it [the Bankruptcy Act] should be used to perpetrate fraud or to

shield assets from creditors. It is elementary that a bankrupt is entitled to a discharge unless and until he has honestly surrendered his assets for the benefit of creditors, and he certainly is not in a position to ask a court of bankruptcy ... to grant him a discharge ... when the effect of the discharge will be to withdraw from the reach of creditors property properly applicable to the satisfaction of their claims.").

Neither does this case involve the situation where one of two spouses holding property as tenants by the entirety files a bankruptcy case and the trustee seeks to sell the entireties property for the benefit of creditors holding claims against both spouses. With respect to this second category of cases, the Fourth Circuit in *Sumy v. Schlossberg,* 777 F.2d 921 (C.A.4 1985), upheld the trustee's efforts to sell property owned by the debtor and his spouse pursuant to 11 U.S.C. § 363(h) for the benefit of creditors holding claims against both spouses. More recently, in the case of *In re Williams,* 104 F.3d 688 (C.A.4 1997), the Court of Appeals upheld the right of the trustee to sell property owned by the debtor and her husband, despite debtor's claim of exemptions, pointing out that, under Virginia law, property held by spouses as tenants by the entireties is exempt from individual (i.e., non-joint) creditors, but is not exempt from the claims of joint creditors. *See also In re Sefren,* 41 B.R. 747 (Bankr. D.Md.1984) (under Maryland law, property held by a husband and wife as tenants by the entireties may be reached by joint creditors).

In a case more akin to the matter at hand, however, the U.S. Bankruptcy Court for the Eastern District of Tennessee was faced with this identical issue in *In re Arango,* 136 B.R. 740 (Bankr.E.D.Tenn.1992), *aff'd,* 155 B.R. 465 (E.D.Tenn.1992), *aff'd* 992 F.2d 611 (C.A.6 1993). Having claimed the entireties exemption, the debtor sought to avoid the judgment lien held by Third National Bank. *Arango,* 136 B.R. at 740. He was, however, unsuccessful. *Id.* at 743. In affirming the denial of the motion to avoid the judgment lien, the Sixth Circuit pointed out: "Under Tennessee law, Arango does not, as an individual, have a present possessory interest in

entireties property. Instead, Arango and his wife, as a unit which is separate and apart from them as individuals, have a present possessory interest in entireties property." *Arango*, 992 F.2d at 614.

The trial court's opinion explained that, in Tennessee, a tenancy by the entirety has two different constituencies of property interests. *Arango*, 136 B.R. at 741. These constituents are the collective right of the tenants for use of and dominion over the entireties property and the independent survivorship interest of each tenant. *Id.* The fact that the debtor and his nondebtor spouse are unable to convey marketable title without the consent of Third National Bank did not impair debtor's exemption. *Id.* at 742. As the court pointed out, "a third party's ownership or encumbrance of a debtor's survivorship interest does not impair the debtor's exempt interest in the entireties property." *Id. See also Weaver v. Hamrick*, 907 S.W.2d 385, 388–89 (Tenn.1995) (discussing the Sixth Circuit's decision in *Arango* ).

Moreover, under Tennessee law, "the right of survivorship, previously conveyed or attached by a judgment creditor, is not destroyed by the dissolution of the tenancy by the entireties." *Third Nat'l Bank in Nashville v. Knobler*, 789 S.W.2d 254, 255 (Tenn. 1990). Similarly, in *Weaks v. Gress*, 225 Tenn. 593, 474 S.W.2d 424 (1971), the court held that a conveyance by a husband and wife, after a judgment lien had attached to the interest of one of the tenants by the entirety, breached any covenant against encrumbrances that may have been contained in the deed to the third-party purchaser. As will be explained later, Maryland law is far more protective of the entireties property than Tennessee.

██ In the instant matter, Debtor has availed himself of the entireties exemption. The amount of the exemption is unlimited, that is, unlike the limited amounts provided in Section 11–504(e) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, the entireties exemption knows no limits. For example, if Debtor had $1 million in debts and owned a house worth $2 million free and clear as a tenant by the entirety with his wife, he could claim the entire value of the house as exempt and his creditors would take nothing of it, unless he were to survive his wife.

██ Here, no part of the judicial lien interferes with Debtor's claim of exemption. *See In re Opperman*, 943 F.2d 441, 443 (C.A.4 1991)("Thus, only that part of a lien which actually interferes with the debtor's homestead exemption may be avoided."); *Columbus Auto Auction, Inc. v. Zupan (In re Zupan* ) 172 B.R. 250, 252 (Bankr.S.D.Ind. 1993) ("Since the judicial lien does not impede the Debtor's ability to recover the value of his homestead from the property, the homestead is not impaired and the lien cannot be avoided."). As noted by another court, "[a]n exemption is not impaired unless it is diminished in value." *In re Giordano*, 177 B.R. 451, 456 n. 10 (Bankr.E.D.N.Y. 1995). Such is the case here.

As previously stated, Maryland law is more paternalistic with respect to its treatment of the entireties property than other states, such as Tennessee. Maryland retains the estate of tenancy by the entireties in its conventional form. *Bruce v. Dyer*, 309 Md. 421, 524 A.2d 777 (1987); *Arbesman v. Winer*, 298 Md. 282, 468 A.2d 633 (1983). As the Maryland Court of Appeals explained in *Annapolis Banking & Trust Co. v. Smith*, 164 Md. 8, 164 A. 157, 158 (1933):

It has long been the settled law of this state that property held by husband and wife as tenants by the entireties cannot be taken to satisfy the several and separate debts of either tenant. *Wolf v. Johnson*, 157 Md. 112, 145 A. 363; *McCubbin v. Stanford*, 85 Md. 378, 37 A. 214, 60 Am. St. Rep. 329; *Marburg v. Cole*, 49 Md. 402, 33 Am. Rep. 266. That was the rule at common law, 2 Bl. Com. 182; Co. on Litt. 187; Cruise's Digest 492, 1 Prest. Estates 131, 132; Tiffany Real Property § 194; and notwithstanding the disappearance of the hypothetical unity of husband and wife as the result of statutory changes, the rule itself in this state remains unchanged and unimpaired. The nature of that unity was in *Brewer v. Bowersox*, 92 Md. 567, 48 A. 1060, 1062, thus defined: "It is not because a conveyance or gift is made to husband

and wife as joint tenants that the estate by entireties arises, but it is because a conveyance or gift is made to two persons who are husband and wife; and since, in the contemplation of the common law, they are but one person, they take, and can only take, not by moieties, but the entirety. The marital relation, with its common-law unity of two persons in one, gives rise to this peculiar estate when a conveyance or gift is made to them without restrictive or qualifying words; and they hold as tenants by the entirety, not because they are declared to so hold, but because they are husband and wife. This estate, with its incidents, continues in Maryland as it existed at the common law. *McCubbin v. Stanford,* 85 Md. 378, 37 A. 214 [60 Am. St. Rep. 329]."

*See also State v. One 1984 Toyota Truck,* 311 Md. 171, 187, 533 A.2d 659, 666 (1987) ("Nor may property held by the entirety be taken to satisfy the individual debts of husband or wife.").

Notwithstanding the existence of a lien against the interest of one spouse, it has been long settled in Maryland that entireties property may be conveyed free of such liens. *Jordan v. Reynolds,* 105 Md. 288, 66 A. 37 (1907); *Ades v. Caplan,* 132 Md. 66, 103 A. 94 (1918). Further, any sale proceeds realized from such a conveyance sale proceeds are likewise entireties property. As was pronounced by the Court of Appeals of Maryland:

> When, as here, a husband and wife hold title as tenants by the entireties, the judgment creditor of the husband or of the wife has no lien against the property held as entireties, and no standing to complain of a conveyance which prevents the property from falling into his grasp.

*Watterson v. Edgerly,* 40 Md.App. 230, 238, 388 A.2d 934, 939 (1978). Moreover, the entireties protects a conveyance from a husband to his wife even where the conveyance is made to shield the husband from his judgment creditors. *Spitz v. Williams,* 69 Md. App. 694, 519 A.2d 775 (1987).

The Creditors' liens do not attach to any present interest of the Debtors. As a practical matter, the liens do not impair the exemption claimed in any respect. The Debtors may sell the property free of the existing liens and use the proceeds as they will. As recognized by another court, "We do believe the exemption is the right to receive a certain sum, and the right is not impaired if that sum will be received." *Giordano,* 177 B.R. at 456. The motions will therefore be denied. An appropriate order will be entered.