In re Lawrence Greene CARROLL, Doris Pitts Carroll, Debtors.

Lawrence G. Carroll, Doris P. Carroll, Plaintiffs,

v.

Manor Care of Largo, Inc., Defendant.

Bankruptcy No. 98–2–3483–PM.
Adversary No. 99–1–AP080–PM.

United States Bankruptcy Court, D. Maryland, at Greenbelt.

July 13, 1999.

Robert J. Haeger, Gaithersburg, MD, for plaintiffs.

Thomas Lackey, Bowie, MD, trustee.

Ronald M. Miller, Upper Marlboro, MD, for defendants.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Before the court is a Motion for Default Judgment filed by the plaintiffs, Lawrence G. Carroll and Doris P. Carroll. Plaintiffs filed a complaint seeking a ruling of the court that a judgment entered in the Cir-

cuit Court for Prince George's County, Maryland, on October 2, 1998, in favor of Manor Care of Largo, Inc. ("Manor Care"), and against Lawrence G. Carroll, in a case entitled *Manor Care of Largo, Inc. v. Lawrence Carroll*, Civil No. CAL97–17525, should be avoided pursuant to 11 U.S.C. § 522(h). The judgment sought to be avoided was entered within two weeks of the filing of debtors' case under Chapter 13. The defendant did not file an answer to the complaint. The issue presented is whether the court must enter judgment by default in favor of the plaintiff when the defendant fails to file an answer to a complaint that fails to state a cause of action.

■ Because the defendant did not answer the complaint, the Clerk of the court entered a default as to the defendant, Manor Care. Therefore, "the *facts* (but not conclusions) are assumed by this court to be true for the purposes of the request by [plaintiffs] for entry of judgment by default." *In re Goycochea*, 192 B.R. 847, 847–48 (Bankr.D.Md.1996) (emphasis supplied). As pointed out by the United States District Court for the Eastern District of North Carolina in the case of *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F.Supp. 1138, 1141 (E.D.N.C.1986) (emphasis added):

> It is clear that by a default defendant admits the well-pleaded allegations of fact contained in the complaint. *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir.1971), *rev'd* on other grounds, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973); *In re Consolidated Pretrial Proceedings in Air West Securities Litigation*, 436 F.Supp. 1281 (N.D.Cal.1977); *Kelley v. Carr*, 567 F.Supp. 831 (W.D.Mich.1983). Although defendant may not then attack the factual allegations of the complaint, he does not "admit" the legal conclusions. Thus, "despite occasional statements to the contrary … a default is not treated as an absolute confession by the defendant

of his liability and of the plaintiff's right to recover." *Nishimatsu Construction Co. v. Houston Nat'l Bank, supra,* at 1206. The court is bound, then, to consider whether plaintiff's allegations are sufficient to state a claim for relief.

The motion for default judgment will be denied, and the adversary proceeding will be dismissed, because the Carrolls' complaint does not state a cause of action.

■ "[A] default judgment may not be entered on a complaint that fails to support the claim for relief...." *Miller v. Kasden (In re Kasden)*, 209 B.R. 236, 238 (8th Cir. BAP 1997), *appeal dismissed,* 141 F.3d 1288 (C.A.8 1998). *See also Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (C.A.5 1975) ("A defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."); *Terio v. Great Western Bank,* 166 B.R. 213, 218 (S.D.N.Y.1994) ("The conclusion that the complaint is subject to dismissal strongly militates against granting Plaintiff's application for a default judgment.").

The pertinent sections of the Bankruptcy Code, 11 U.S.C. §§ 522(h) and 547(b), provide:

**§ 522. Exemptions.**

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h) (1999).

**§ 547. Preferences.**

(b) Except as provided in subsection (c) of this section, the trustee may avoid

any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (1999).

 The judgment lien against the interests of Lawrence Carroll alone does not impair the exemption claimed by the Carrolls. The judgment against Lawrence Carroll alone does not attach to any present interest of the debtors. *See In re Giles,* 222 B.R. 766 (Bankr.D.Md.1998). Schedule C, Property Claimed As Exempt, filed by the Carrolls refers to the case of *Sumy v. Schlossberg,* 777 F.2d 921 (C.A.4 1985), as the basis for the exemption of their entireties property. As *Sumy* explains, "Entireties property is not exempt from process to satisfy joint claims in Maryland. A debtor does not lose all benefits of § 522(b)(2)(B) when joint creditors are present, but he does not benefit from it to the extent of joint claims." *Sumy, supra,* at 928. However, property held by the entireties is watertight as to claims against one spouse only.

Debtors' action fails because section 522(h) of the Bankruptcy Code empowers a debtor to avoid a transfer only to the extent that the debtor could have exempted the property. The debtor may act only if the transfer is avoidable by the trustee, and the trustee does not attempt to avoid the transfer.

 Furthermore, under the facts of this case, the court finds that the plaintiffs cannot meet their burden under 11 U.S.C. § 547(b)(5). Were this a case under Chapter 7, and if the judgment had not been entered, the distribution to Manor Care would be the same. It is the holder of an unsecured claim without priority. Manor Care's judgment lien attaches to nothing. As explained in *Giles,* entireties property cannot be taken to satisfy a separate claim against either tenant. The entireties property may be conveyed free of the Manor Care lien. *See In re Giles,* 222 B.R. 766, 768–70 (Bankr.D.Md.1998).

The court finds that the factual allegations of the complaint are not sufficient to support the claim. The court will dismiss *sua sponte* the complaint pursuant to Bankruptcy Rule 7012(b)(6) with leave to amend. *See Thomson v. Wooster,* 114 U.S. 104, 113, 5 S.Ct. 788, 792–93, 29 L.Ed. 105 (1885) (a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill assumed to be true").

An appropriate order will be entered.