**In re Eugene F. PATENAUDE, Debtor.**

**No. 00–41310 (HJB).**

United States Bankruptcy Court,
D. Massachusetts.

March 19, 2001.

David G. Sharp, Levy Winer, P.C., Greenfield, MA, for Rug Lumber Company, Inc.

James E. Baker, Ryan, Boudreau & Kirkpatrick, South Hadley, MA, for Eugene F. Patenaude.

### MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

Before this Court is the "Debtor's Amended Motion to Avoid Judicial Liens and Determine Claims to be Unsecured Claims" (the "Motion"). The Motion seeks to void a judicial lien held by Rugg Lumber Company, Inc. ("Rugg") in the amount of $51,837.26 pursuant to 11 U.S.C. § 522(f). The lien is asserted against only the interest of the debtor Eugene F. Patenaude (the "Debtor") in the residence owned by him and his nondebtor spouse, as tenants by the entirety. In its opposition, Rugg argues that because, under Massachusetts law, each tenant by the entirety holds no separate interest in the subject property, § 522(f)(1)(A) [1] is inapplicable to a lien attaching to the interest of only one such owner.

### I. FACTS AND BACKGROUND

The Debtor in this case filed a Chapter 7 case in this court on March 13, 2000. On Schedules A and D, the Debtor reported a residence owned with his nondebtor spouse, as tenants by the entirety, and located at 129 Blackberry Lane, Amherst, Massachusetts (the "Residence"). The

---

1. 11 U.S.C. 522(f)(1)(A) provides in relevant part:

    ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemp- tion to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    (A) a judicial lien ...

Debtor valued the Residence at approximately $190,000,[2] and described two mortgages on the property totaling $101,057.35, each held by Northampton Cooperative Bank. Pursuant to 11 U.S.C. § 522(b)(2), the Debtor elected the exemptions available under state law, including the $100,000 homestead exemption under Mass. Gen. L. ch. 188, § 1.[3]

The Debtor subsequently filed the instant Motion, requesting, inter alia, that a certain judicial lien in the sum of $51,837.26 issued by the Massachusetts District Court Division of the Trial Court, Franklin Division, dated February 9, 2000 and recorded in the Hampshire County Registry of Deeds on February 10, 2000 (the "Rugg Lien") be voided pursuant to § 522(f).[4] Section 522(f)(2)(A) sets forth the formula used to calculate the extent to which a judicial lien impairs an exemption.[5] Employing the figures supplied by the Debtor, the formula would be applied as follows:

| | |
|---|---|
| Property Value: | $ 190,000.00 |
| Rugg Lien: | (51,837.26) |
| 1st Mortgage: | (82,303.51) |
| 2nd Mortgage: | (18,753.84) |
| Exemption: | (100,000.00) |
| | $ (62,894.61) |

Based on the Debtor allegations, the mathematics would call for the voiding of the Rugg Lien, as the amount by which the Rugg Lien impairs the exemption exceeds the entire lien. However, Rugg filed an opposition alleging that the Debtor had undervalued the Residence. In Rugg's view, the true value of the Residence was

$217,300.00. If Rugg's valuation was correct, the application of the § 522(f) formula would result in only partial impairment of the homestead exemption. The Rugg lien would not be fully avoided, but instead be reduced to the amount of $16,242.65.

A hearing was set on the Motion. At that hearing, Rugg asserted an additional defense. It argued that a judicial lien does not impair an exemption in a debtor's interest in property unless the debtor has a present possessory (and not inchoate interest) in the property. Rugg argued that the Debtor here had no present interest in the Residence because, pursuant to M.G.L. c. 209, § 1, the Residence held by the Debtor and his nondebtor spouse was not subject to execution on the lien, so long as the Residence remained the principal residence of the Debtor and his spouse and they remain married.

In light of the fact that the nonimpairment theory advanced by Rugg would moot the valuation dispute, the Court took the former under advisement and deferred action on the latter.

## II.  DISCUSSION

■ Rugg points to two case threads to advance its non impairment theory. First, Rugg argues that a recent case in this District, In re Snyder, 231 B.R. 437 (Bankr.D.Mass.1999)("Snyder I"), supports its position. In that case, the bankruptcy court held in a substantially similar case, that the extent of the § 522(f) im-

---

2. The Residence is partially unfinished. The Debtor's valuation was based on the property's then current condition.

3. Effective November 2, 2000, the statute was amended to expand the exemption to $300,000. The applicability of the amendment to the instant case is not before the Court.

4. The Debtor also asked the Rugg Lien be voided, pursuant to 11 U.S.C. § 547, as a voidable preference. The Court denied that request on procedural grounds. A request for the avoidance of a preference under § 547 must be presented by an adversary proceed-

ing and not by motion. See Fed. R. Bankr.P. 7001(2).

5. 11 U.S.C. § 522(f)(2)(A) provides:

For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien, (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.
See also Nelson v. Scala, 192 F.3d 32 (1st Cir.1999).

pairment of that debtor's exemption could not be established until the entireties tenancy was terminated. Accordingly, the court entered a provisional order based on the hypothesis that the debtor would subsequently become entitled to all of the property. However, the court raised the possibility of later reconsideration if the circumstances by which the tenancy ultimately terminated proved that hypothesis incorrect. Second, Rugg relies on two recent decisions out of the District of Maryland, *In re Giles,* 222 B.R. 766 (Bankr. D.Md.1998) and *In re Carroll,* 237 B.R. 872 (Bankr.D.Md.1999). In those cases, the Maryland bankruptcy court held that certain liens against the interest of only one owner in property held as tenants by the entirety should not be avoided because the liens attached to no present possessory interest of those debtors in the property. *See Giles* at 770.

Rugg's reliance on both *Snyder I* and the foregoing Maryland cases is unwarranted. *Snyder I* was appealed to the First Circuit Bankruptcy Appellate Panel (the "BAP"). *Snyder v. Rockland Trust Company,* 249 B.R. 40 (1st Cir. BAP 2000) ("*Snyder II* "). In *Snyder II,* the BAP, affirming but modifying *Snyder I,* held that

> the Debtor's interest in the tenancy by the entirety property for the purposes of the section 522(f) formula should be valued at 100 percent. [However], the valuation should be ... fixed and not subject to a possible subsequent hearing when an event occurs which would terminate the tenancy by the entirety.

*Id.* at 46. In so holding, the BAP reasoned that finality was necessary both to assure honest debtors a fresh start and to determine the rights of the parties.

As for the Maryland cases, they are inapposite. The *Giles* and *Carroll* decisions implicated a state exemption statute which permitted *neither* attachment *nor* execution of liens against property held as a tenancy by the entirety, where the purported lien was asserted against only one,

but not both owners. Accordingly, in each of *Giles* and *Carroll,* the bankruptcy court denied the request to avoid the lien under § 522(f) because avoidance was to no purpose. The debtor's exemption was not impaired because the alleged lien did not impair the debtor's postpetition use of the property.

■ The situation is far different in Massachusetts where, in a similar circumstance, the creditor may attach (but not execute upon) one owner's interest in property held as a tenancy by the entirety. *Peebles v. Minnis,* 402 Mass. 282, 521 N.E.2d 1372 (1988); *Snyder I* at 442. In Massachusetts, the owner whose interest is attached is precluded from selling his or her property free from the attachment.

This Court is much persuaded by *Snyder I's* cogent description of the rights of owners in property held as a tenancy by the entirety under Massachusetts law, and by the well reasoned modification made by the BAP in *Snyder II* for the application of § 522(f) to those rights. This Court therefore rejects the notion advanced by Rugg that the interest of an individual owner in property held as a tenancy by the entirety is so ephemeral that a continuing lien thereon impairs no exemption therein. While the lien remains, the property can not be sold or refinanced. This practical disability flies in the face of the fresh start which Congress intended to provide to the honest debtor. *See Nelson v. Scala,* 192 F.3d at 34. "This Court does not believe that the benefits of § 522(f)(1) were intended to be illusory." *In re Witkowski,* 176 B.R. 114, 117 (Bankr.D.Mass.1994)(interpreting Congress' previous iteration of § 522(f)).

In light of the foregoing, the Clerk's Office shall schedule an evidentiary hearing so that the Court may determine the remaining dispute between the parties related to the value of the property as of the date of case commencement. Thereafter, the Court shall apply the § 522(f)(2)(A) formula and determine the extent of the

avoidance, if any, of the Rugg Lien pursuant to § 522(f)(1)(A). An order consistent with this Memorandum of Decision shall issue simultaneously herewith.