**In re Willie and Velma WILLIAMS, Debtors.**

**Bankruptcy No. 87–21123.**

United States Bankruptcy Court, W.D. New York.

July 20, 1988.

George M. Reiber, Rochester, N.Y., Chapter 13 trustee.

Hugh S. Silberstein, Rochester, N.Y., for debtors.

Michael J. Townsend, Rochester, N.Y., for Emmerich J. Bares, creditor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

On January 7, 1988, a Motion was filed by the creditor, Mr. Bares, seeking relief from the automatic stay to permit foreclosure of a mortgage against the Debtors' residence. The Motion was returnable January 27, 1988, the date set for confirmation of the Debtors' Chapter 13 Plan as well. As of the return date, no responding papers were filed with the Court or served on the Movant's attorney, Mr. Townsend, and no appearance was made by or on behalf of the Debtors. Since the mortgage was twenty months in arrears, including five months of post-petition delinquencies, relief from the stay was granted. An Order was entered on April 5, 1988.

The instant Motion seeks to have the Order of April 5, 1988 vacated. It is alleged that the Debtors' attorney, Mr. Silberstein, failed to appear at the January 27, 1988 Motion hearing because his office had been burglarized the night before and he was required to spend the morning of the 27th with investigative authorities. It is further alleged that the Chapter 13 Trustee was apprised of the burglary and Mr. Silberstein's resultant inability to appear. Mr. Silberstein has submitted a copy of handwritten notes made on his personal calendar indicating that the Chapter 13 confirmation hearing had been adjourned to March 2, 1988. The Court docket agrees. Mr. Townsend cedes that the burglary occurred and that the confirmation hearing may have been adjourned therefor, but maintains that on the return date no request for an adjournment of the *Motion* had been made, that the Motion was heard and relief was granted. Again, the Court docket agrees.

Presumably unaware that relief from the stay had been granted, Mr. Silberstein served Mr. Townsend with responding papers on February 29, 1988, two days shy of the date to which he believed the Motion adjourned. The papers allege that the note and mortgage, in default of which relief from the stay was granted, charge a usurious rate of interest and are void therefor. Upon receiving Mr. Silberstein's response, Mr. Townsend alleges that he made telephone inquiry of the Court regarding the status of the Motion whereupon he was informed that the matter had been decided favorably to his client and was ripe for the submission of an Order.

In his Motion seeking to have the Order of April 5, 1988 vacated, Mr. Silberstein argues that by accepting the responding papers, Mr. Townsend waived what, if any, earlier default had occurred. The latter proposition is characterized as being "well settled . . . as a matter of both State and Federal law." However, no "law" is offered in support of the assertion and the cases point to a different conclusion.

Bankruptcy Rule 9006(d) requires that papers submitted in opposition to a Motion be served "not later than one day before the hearing." Under the Rule, Mr. Silberstein's responding papers should have been served no later than January 26, 1988, one day prior to the January 27th return date. Rule 9006(d) is derived from F.R. C.P. 6(d). Under Rule 6(d), a court does not abuse its discretion in refusing to consider untimely responding papers absent an affirmative showing by the respondent of excusable neglect as required by Rule 6(b). *Farina v. Mission Invest. Trust*, 615 F.2d 1068 (5th Cir.1980); *Accord, Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515 (9th Cir.1983), *cert. den.* 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984).

To have properly put in his response, Mr. Silberstein could have moved the Court timely prior to January 26, 1988, for an extension within which to respond. Rule 9006(b)(1). Had he done so, the intervening burglary would not have rendered his failure to respond or appear on the return date infirm. Further, Mr. Silberstein could have moved the Court after January 26, 1988 for an extension within which to file a late response under the excusable neglect standard of Rule 9006(b)(2). Mr. Silberstein utilized neither option under Rule 9006(b), however, and instead attempted to serve responding papers with impunity 35 days beyond the last date designated for service. For Mr. Silberstein to now characterize Mr. Townsend's act of physically receiving the papers as acceptance of service and waiver of default is unsupported in law and belied by Mr. Townsend's strenuous resistance to the assertion.

Mr. Silberstein exhorts the Court to vacate its Order lifting the stay because the note and mortgage against the Debtors' residence, being usurious, are void and unenforceable. The parties have each directed the Court's attention to State law and regulation bearing on the usury issue. Based on the submissions, it appears that the annual rate of interest (16.5%) charged on the loan was not usurious, but that the principal sum loaned ($23,000.) may have exceeded the applicable statutory limit. A satisfactory resolution of the matter can and should be reached in State Court, however, since only State law questions are involved. Accordingly, the Motion to vacate the Order of April 5, 1988 will be denied and the parties left to resolve their central dispute, the validity of the note and mortgage, in the State forum and it is so ordered.