In re Jorge GOYCOCHEA, Debtor.

SEARS, ROEBUCK & COMPANY,
Plaintiff,

v.

Jorge GOYCOCHEA, Defendant.

Bankruptcy No. 95–1–4493–DK.

Adversary No. 95–1–A478–DK.

United States Bankruptcy Court,
D. Maryland.

March 4, 1996.

Michael G. Rinn, Cockeysville, MD, for Plaintiff.

Jorge Goycochea, Bethesda, MD, Pro Se.

Harrison Darden Hutson, Arlington, VA.

### MEMORANDUM OPINION DENYING MOTION FOR JUDGMENT BY DEFAULT AND SUA SPONTE DISMISSING COMPLAINT WITH LEAVE TO AMEND

DUNCAN W. KEIR, Bankruptcy Judge.

In this case Sears, Roebuck, plaintiff, has sought an Order finding non-dischargeable part of a claim which Sears has filed against the debtor in this case. The debtor failed to file an Answer contravening the assertions set forth in the complaint and Sears has now sought judgment by default against the debtor. For the reasons set forth on the record at a Pre–Trial Conference on February 20, 1996, and as further set forth in this Order, this motion must be denied.

While Sears' complaint has numerous conclusory statements to the effect that the defendant willfully, deliberately and maliciously converted property in which Sears asserts an interest, the facts set forth do not support a finding of non-dischargeability pursuant to 11 U.S.C. § 523(a)(6). Because the debtor failed to answer, the *facts* (but not conclusions) are assumed by this court to be true for purposes of the request by Sears for

entry of judgment by default. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *Reardon v. DeGregorio (Matter of Reardon)*, 10 B.R. 697, 699 (Bankr.D.Conn.1981). Where those facts do not support the relief requested, the motion must be denied.

The facts assert simply that the debtor purchased certain consumer goods by use of a charge account at Sears. Further, the charge ticket signed by the debtor contains language granting a security interest to Sears in these goods. The debtor has failed to pay the account balance at Sears and is no longer in possession of all of the goods purchased, some of which have been given as gifts. Sears seeks the finding of non-dischargeability for that portion of the balance due representing the purchase price of the goods which have been given to others by the debtor.

As this court stated in *In re Creative Goldsmiths of Washington, D.C.*, 178 B.R. 87 (Bankr.D.Md.1995), conversion requires a wrongful exercise of dominion by one person over property of another. It must be shown that the appropriation of property was unauthorized and without consent of the owner. If the facts averred demonstrate that the debtor intentionally and without the consent of Sears disposed of goods in which Sears had a security interest in a manner which deprived Sears of the effective use of that interest, liability for conversion may lie and the claim based upon such liability may be non-dischargeable.

The court takes judicial notice that Sears, like most retailers, sells goods with the knowledge and implied consent that the goods often will be given as gifts to others by the purchaser.[1] Thus, from the spartan facts pled by Sears in its complaint, this court could not find that the debtor wrongfully deprived Sears of their interest in the subject property and without Sear's consent.

As stated by the United States Bankruptcy Court for the Northern District of California, in its Opinion in the case of *In re Hodges*, 83 B.R. 25, 27 (Bankr.N.D.Cal.1988):

[S]ears must prove that the giving of the ... gift was an intentional violation of the security agreement, necessarily harmed Sears, and was without excuse. If the Court finds that the giving of the ... gift was not a violation of the security agreement, did not necessarily harm Sears (*i.e.* the debtor could still have made the payments) or that Sears expects and encourages charges of gifts, then ... the debt is dischargeable.

For these reasons, it is clear that even with the default of the debtor constituting an admission of the *facts* pled in the complaint, the complaint fails to state facts upon which the relief requested may be granted. For this reason, not only should the motion for judgment by default be denied, this court shall dismiss, *sua sponte*, the complaint pursuant to Bankruptcy Rule 7012(b)(6), with leave to amend.

---

1. For example, it is assumed that Sears does not extensively advertise its products during various holiday seasons without intending to permit purchasers to use their purchases as gifts.