**In re Daniel DeBARROS, Debtor.**

**Daniel DeBarros, Plaintiff,**

v.

**National City Bank f/k/a First of America Bank, Defendant.**

**Bankruptcy No. 96–1–9361PM.**

**Adversary No. 01–1–AP361PM.**

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

Feb. 25, 2002.

Michelle R. Curtis, Garza, Regan et al., Rockville, MD, John R. Garza, Garza, Regan et al., Rockville, MD, Bobby Y Lee, Rockville, MD, Jonathan P. Morgan, Garza, Regan et al., Rockville, MD, Scott R. Robinson, Frederick, MD, for debtor.

L. Darren Goldberg, Leesburg, VA, Robert D. Harwick, Jr., Thieblot, Ryan, et al., Baltimore, MD, for creditor.

Steven H. Greenfeld, Washington, DC, for trustee.

## MEMORANDUM TO THE PARTIES

PAUL MANNES, Bankruptcy Judge.

This case came before the court for a pre-trial conference. First of America Bank, now known as National City Bank, did not file an answer, and the Clerk entered a default as to it. Apparently being ignorant of what counsel did on its behalf in state court, Defendant filed a proof of claim for an unsecured claim without priority.

The effect of the Defendant's default is that the facts of the complaint, but not conclusions, are assumed by this court to be true for the purposes of this decision. *In re Goycochea,* 192 B.R. 847 (Bankr. D.Md.1996); *In re Carroll,* 237 B.R. 872 (Bankr.D.Md.1999). On review, a defaulting party may contest the sufficiency of the complaint, not the sufficiency of the evidence in support of the judgment. Thus, the issue remains as to what relief, if any, Plaintiff is entitled to.

The facts are as follows. On October 28, 1996, a judgment was recorded of $7,775.85 in the Circuit Court for Montgomery County, Maryland, that attached to the interest of the Debtor in certain real property located at 16 Maxim Lane, Rock-

ville, Maryland. Debtor filed this bankruptcy case under Chapter 7 on November 7, 1996. Upon Debtor's request, the case was converted to a case under Chapter 13 by Order entered April 21, 1997. Debtor filed this action to avoid the lien as a preferential transfer.

■ There is no question that pursuant to 11 U.S.C. § 547(b) the Chapter 13 Trustee could avoid the fixing of the lien, as it was accomplished within 90 days before the filing of the petition. But the plaintiff in this adversary proceeding seeking to avoid the preferential transfer is the Debtor and not the Trustee. The statutory authority for Debtor's ability to avoid a transfer is found in §§ 522(h) and (i) that provide:

## § 522. Exemptions

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

(i) (1) If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

(2) Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, 548, 549, or

724(a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (b) of this subsection.

Given that the Trustee has not sought to avoid the transfer, the issue is whether the Debtor could have exempted the property. Debtor's power to avoid a lien under this section is limited by 11 U.S.C. § 522(j) that provides:

(j) Notwithstanding subsections (g) and (i) of this section, the debtor may exempt a particular kind of property under subsections (g) and (i) of this section only to the extent that the debtor has exempted less property in value of such kind than that to which the debtor is entitled under subsection (b) of this section.

Debtor's claim of exemptions amounted to $5,361.00. No party objected to Debtor's Schedule of exemptions. Therefore, the property claimed by the Debtor as exempt is exempt. 11 U.S.C. § 522(*l*). *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

Finally, the court will consider what the result would be if the Debtor were to avail himself of the maximum exemption allowable in the real property subject to § 522(j). Debtor owns a one-half interest in real property as a tenant in common that he values at $151,800.00. The proof of claim filed on behalf of PNC Mortgage Corporation of America, the holder of the only lien on the property, is in the amount of $90,171.24, for an equity of $69,628.76 in the property. Debtor's one-half share gives him a net equity in the property of $38,814.38. The remaining unused amount of exemption available to him is $1,039.00.

*In re Barnes,* 117 B.R. 842, 845 (Bankr. D.Md.1990). The Debtor's avoidance power is limited to this, the amount of exemption available to him.

An appropriate order will be entered.